**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JEROME E. POWELL,**           ) | |
|                ) | |
|           **Plaintiff,**      ) | |
|                ) | |
| **vs.**                 ) | **Case No. 12–cv–0727–MJR–SCW** |
|                ) | |
| **RANDY DAVIS, S.A. GODINEZ, SGT.**   ) | |
| **SMITTY, JOHN DOE 1, JOHN DOE 2,**   ) | |
| **JOHN DOE 3, JOHN DOE 4, JOHN**    ) | |
| **DOE 5, JOHN DOE 6,**          ) | |
|                ) | |
|           **Defendants.**     ) | |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

*Pro se* plaintiff Jerome Powell, an inmate at Illinois' Vienna Correctional Center, has brought this civil rights action pursuant to 42 U.S.C. § 1983. Powell claims that various officials, including Randy Davis (Vienna's warden), S.A. Godinez (Director of the Illinois Department of Corrections), Sgt. Smitty (a Vienna correctional officer) and six John Doe Defendants (all of them correctional officers) violated his constitutional rights when Powell entered Vienna on December 30, 2011. Powell makes three broad assertions: (1) that Smitty and the John Doe defendants, under the supervision of Warden Davis, violated his federally-protected rights by subjecting him to a group strip search that other inmates could see; (2) that all the defendants violated his rights by housing him in the patently unhealthy "Building #19," which was infested with vermin as well as a toxic mold; and (3) that defendants failed to provide him a safe and secure environment because there are potential weapons throughout the prison: broken springs in the prison beds, poorly maintained metal pipes on the walls and in the showers, and general overcrowding.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. On review, the court shall identify cognizable claims or dismiss any

portions of the complaint that are frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant with immunity. **28 U.S.C. § 1915A(b).** A strip search can rise to the level of an Eighth Amendment violation when it was conducted in a harassing manner intended to humiliate and inflict psychological pain upon an inmate. *Mays v. Springborn*, **575 F.3d 643, 650 (7th Cir. 2009);** *Calhoun v. DeTella*, **319 F.3d 936, 939 (7th Cir. 2003).** And an official "may be held liable under the Eighth Amendment claim for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, **511 U.S. 825, 847 (1994).** A similar standard guides courts when assessing whether prison officials have met their constitutional duty to protect prisoners from violence at the hands of other prisoners: failure to provide protection violates the Eighth Amendment only if deliberate indifference to a prisoner's welfare effectively condones an attack. *Santiago v. Walls,* **599 F.3d 749, 756 (7th Cir. 2010);** *Lewis v. Richards*, **107 F.3d 549, 553 (7th Cir. 1997).**

Accepting Plaintiff's liberally-construed allegations as true, the Court finds that Powell has articulated a colorable Eighth Amendment claim against Defendants Davis, Smitty, and the John Doe Defendants regarding the strip search on December 30, 2011. The Court further finds that Powell has stated an Eighth Amendment claim for inhumane conditions of confinement against Defendants Davis, Smitty, and the John Doe Defendants regarding the vermin and toxic mold at Vienna.

But Powell's claims against Defendant Godinez will be dismissed on initial review, since the doctrine of *respondeat superior* is not applicable to § 1983 actions and Powell has not claimed Godinez is personally responsible for any of the alleged violations of his constitutional rights. *See Sanville v. McCaughtry*, **266 F.3d 724, 740 (7th Cir. 2001).** And as to Powell's allegations that the general disrepair of pipes and beds, combined with overcrowded conditions, constitute a

constitutional violation, those allegations fail to state an Eighth Amendment claim, since they only invoke the possibility that threat of violence exists — an unsurprising proposition given the general unpleasantness of prison life, but not a constitutional violation. *See Pinkston v. Madry*, **440 F.3d 879, 889 (7th Cir. 2006) ("[I]n order to infer callous indifference when an official fails to protect a prisoner from the risk of attack, there must be a strong likelihood rather than a mere possibility that violence will occur.") (internal quotation marks and citations omitted). *See also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (to the extent that prison conditions that are not cruel and unusual are restrictive and harsh, they are part of the penalty that criminal offenders pay for their offenses against society).**

### PENDING MOTIONS

Two other motions remain pending in the case.

The first, Plaintiff's motion for Reconsideration of Appointment of Counsel (Doc. 12), is **DENIED without prejudice.** While a rejection letter from the ACLU indicates that Plaintiff may have made reasonable efforts to obtain counsel, *see Pruitt v. Mote*, **503 F.3d 647, 654 (7th Cir. 2007),** the Court finds that, given the difficulty of the case at this point, Powell appears competent to litigate it himself, *id.* From his pleadings and motions, the plaintiff seems to have the literacy and communication skills necessary to litigate the case, in which Defendants have yet to be served. Should the case become more complex at a later date, or discovery become overly onerous, the Court will be willing to revisit the appointment of counsel at that time. But for now, Powell's motion for appointment of counsel (**Doc. 12**) is **DENIED** without prejudice.

In the second, a motion for a "Protective Order," Powell complains that, in retaliation for the instant suit, one of his grievance counselors has forged another counselor's signature on a grievance, that he was fired from his job for a crime he did not commit, that he has been denied a bi-annual "clothing change of his whites," that he is unsatisfied with the way his

parole plans are developing. While those allegations may (or may not) give rise to separate causes of action, the Court declines to address them here. The motion is essentially one for preliminary injunctive relief — an "extraordinary and drastic remedy" — and Powell has failed to make a clear showing that he is likely to succeed on the merits of this nascent case or that he is likely to suffer irreparable harm in the absence of an injunction. ***See Winter v. Natural Res. Def. Council, Inc.,*** **555 U.S. 7, 24 (2008).** Powell's "Motion for Protective Order" (**Doc. 13**) is **DENIED.**

DISPOSITION

Defendant Godinez is **DISMISSED** from this action without prejudice. Powell's claims regarding overcrowding and the general disrepair of beds and pipes are also **DISMISSED, with prejudice.**

The Clerk of Court shall prepare for Defendants Davis and Sgt. Smitty: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the John Doe Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for the John Doe Defendants.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work

address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant was deemed to have entered into a stipulation that the recovery,

if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).


**IT IS SO ORDERED.**

**DATE: <u>August 17, 2012</u>**                    <u>/s/ *Michael J. Reagan*</u>
                                                       **MICHAEL J. REAGAN**
                                                       United States District Judge