IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEROME E. POWELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 12–cv–0727–MJR–SCW |
| RANDY DAVIS, ROBERT C. SMITH, LT. OEHLSEN, and OFFICER MEYERS, | ) ) ) ) |
| Defendants. | ) ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

### INTRODUCTION

In June 2012, Plaintiff Jerome E. Powell, sued several defendants, including Randy Davis, pursuant to 42 U.S.C. § 1983. After the Complaint was screened pursuant to 28 U.S.C. § 1915A, waiver of service was issued as to Davis on August 20, 2012. The waiver was returned executed on September 26, 2012, bearing Davis' signature, making a responsive pleading due on October 19, 2012. (Doc. 24). After Davis failed to file an answer, Plaintiff was notified that his case could be dismissed unless he moved for default. (Doc. 28). Plaintiff did so based on Davis' failure to answer on February 25, 2013 and the Clerk entered a default the next day (Docs. 35 & 36). Davis then moved the Court to set aside the Clerk's Entry of Default on March 12, 2013 and answered the Complaint. (Doc. 39 & 40). Plaintiff never filed a response to the Motion to Vacate. For good cause shown, the Court **GRANTS** Davis' Motion to Vacate the Clerk's Entry of Default.

### ANALYSIS

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). A party seeking to set aside an entry of default must show: "(1) good cause for the default; (2) quick action

to correct it; and (3) a meritorious defense to the complaint." ***Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009).** The Seventh Circuit has long voiced a policy against default judgment—a trial on the merits is preferred. ***Id.* at 631; *Yong-Qian Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citing *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) (collecting cases)).**

Davis alleges that he tendered the necessary paperwork to the Vienna litigation coordinator to secure representation by the Illinois Attorney General's Office. Having done so, he reasonably believed that he had an attorney who was filing pleadings on his behalf. Unfortunately, the Office of the Attorney General never received Davis' paperwork. As such, good cause exists to excuse the default. Davis also moved quickly to correct the problem: he filed the instant motion less than two weeks after he was made aware of the problem. The Answer filed on behalf of all IDOC defendants indicates Davis may also have a meritorious defense. He has met the test to set aside default, and so his motion (**Doc. 39**) is **GRANTED.** The entry of default against Defendant Davis is set aside.

**IT IS SO ORDERED.**

**DATE: June 17, 2013**                            **/s/ *Stephen C. Williams***
                                                   **STEPHEN C. WILLIAMS**
                                                   United States Magistrate Judge